UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN INFOAGE, LLC, et al.,

    Plaintiffs,

v.                                                              CASE NO.: 8:13-cv-1533-T-23TGW

REGIONS BANK,

    Defendant.
_____/

## **ORDER**

    This action results from the fallout of loans in 2005. The defendant moves (Doc. 15) to dismiss the complaint, and Infoage and Sago respond (Doc. 17) in opposition.

*1. Count I: Fraud – Infoage*

    The defendant argues that Count I fails to state a claim because Count I fails to allege with "the requisite specificity the time and place the purported representations were allegedly made, as well as the specific content of each such representation, the individual to whom such representations were made, and the manner in which such representations were made." (Doc. 15 at 6-7) In response, the plaintiffs explain:

> Plaintiffs have alleged that the misrepresentations occurred during the course of the discussions leading to the loans. (Amended Compl. ¶¶ 8-15). The Amended Complaint identifies the agent who made the misrepresentations (Vogt), alleges the time frame of the discussions (June through August 2005), identifies the places where the discussions took place (at Plaintiffs' offices in Tampa and at

> AmSouth's offices in Tampa), and quotes or paraphrases the misrepresentations.

(Doc. 12 at 4)  A careful review confirms that Count I "has given the defendant the 'who, what, where, and when' of the alleged fraud that took place." *Medalie v. FSC Sec. Corp.*, 87 F. Supp. 2d 1295, 1307 (S.D. Fla. 2000) (Gold, J.).

The defendant argues (1) that "the three representations made by [the defendant] were [not] false," (2) that the three representations failed to mislead the plaintiffs, and (3) that the plaintiffs' parol evidence is inadmissible because the evidence is not "clear, precise, and indubitable." (Doc. 15 at 7, 9 (internal quotation mark omitted))  However, each of the arguments presents factual matters that are "better suited for resolution at a later stage in the litigation when the Court can properly consider additional matters outside of the pleadings." *Cantiere Nautico Cranchi, S.p.A. v. Luxury Marine Grp., LLC*, 2009 WL 3538722 (S.D. Fla. Oct. 28, 2009) (Dimitrouleas, J.).

Finally, the defendant argues that – according to *Ungerleider v. Gordon*, 214 F.3d 1279, 1284 (11th Cir. 2000) – the plaintiffs' parol evidence is inadmissible.  "In sum," *Ungerleider* holds, "the inducement exception [to the parol evidence rule] permits parol evidence of a contemporaneous oral agreement to 'vary, change, or reform' a written instrument . . . but not to directly contradict it." (citation omitted). The defendant never argues that the misrepresentations cited by the plaintiffs "directly contradict" the written agreements.  To the contrary, the defendant

contends that the representations are consistent with the contracts. Accordingly, the defendant fails to show that the parol evidence rule preemptively excludes the oral representations.

*2. Count II: Negligent Misrepresentation – Infoage*

Citing *Rose v. ADT Security Services, Inc.*, 989 So. 2d 1244 (Fla. 1st DCA 2008), the defendant argues that Infoage failed to "support [] its allegation that it 'justifiably relied'" on the defendant's representations. (Doc. 15 at 10) However, "[t]he main case upon which Defendant relies . . . is inapposite because it was decided at the summary judgment stage." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1355 (S.D. Fla. 2009) (Ungaro, J.); *see also Great Florida Bank v. Countrywide Home Loans, Inc.*, 2010 WL 4024892 (S.D. Fla. Oct. 13, 2010) (Huck, J.) ("Given these competing claims, the Court cannot dispose of this aspect of reliance on a motion to dismiss."); *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, 2010 WL 4624274 (S.D. Fla. Nov. 4, 2010) (Seitz, J.) ("Whether that reliance was truly justified is a matter for summary judgment or trial, not a motion to dismiss."); *Maloul v. Berkowitz*, 2008 WL 2876532, at *2 (S.D.N.Y. July 23, 2008) (Sand, J.) (stating that reasonable reliance "is intensely fact-specific and generally considered inappropriate for determination on a motion to dismiss").

*3. Count III-IV: Breaches of Contract – Infoage*

The defendant argues that neither Count III nor Count IV states a breach of contract claim. The defendant states that Infoage failed to allege the existence of a

- 3 -

valid contract. However, the complaint pleads the contracts, and the contracts are attached to the complaint. (Docs. 11 ¶¶ 17-18, 60-62, 65-67 and 11-3 to -5)

The defendant argues that Infoage failed to allege a breach. However, the complaint identifies the breached clauses of the contracts. (Doc. 11 ¶ 25) Nonetheless, as an affirmative defense, the defendant argues that a separate contract justifies the defendant's breach. However, the complaint fails to "affirmatively and clearly show[] the conclusive applicability of the defense." *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) (quoting *Evans v. Parker*, 440 So. 2d 640, 641 (Fla. 1st DCA 1983)). Accordingly, the defendant's argument is best left unresolved on a motion to dismiss.

*4. Count V: Breach of Contract – Sago*

The defendant argues that "Sago has failed to adequately plead [Count V] under Rule 8(a)'s notice pleading standard." (Doc. 15 at 12) In full, Count V states:

> 70. Regions breached the Equipment Renewal Note by overcharging Sago the Equipment Loan Overcharges.
>
> 71. Sago has been damaged in consequence of Regions' breach.
>
> 72. Sago performed all of its obligations under the Equipment Renewal Note.
>
> WHEREFORE, Sago demands judgment for damages against Regions plus interest, court costs and attorney fees.

(Doc. 11 at 13) The general allegations incorporated through paragraph 70 contribute little more detail. In the only relevant section, the general allegations state, "Once it began to analyze the Infoage Loans and Sago Equipment Loan, Sago

realized that Regions had overcharged monthly interest on the Sago Equipment Loan by $54,557.87.  The Equipment Loan Overcharges occurred because Regions was auto-debiting funds from Sago's bank account without notice to Sago."  (Doc. 11 at 9)  The allegations fail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*5. Count VI: Unjust Enrichment – Infoage*

The defendant argues that Infoage may not assert an unjust enrichment because the claim is precluded by an express contract between the parties.  Infoage correctly explains that Infoage can assert an unjust enrichment claim in the alternative and that the defendant's argument is premature.  *Intercoastal Realty, Inc. v. Tracy*, 706 F. Supp. 2d 1325, 1332 (S.D. Fla. 2010) (Cohn, J.) ("Indeed, nothing prevents Plaintiff from pursuing alternative claims of breach of contract and unjust enrichment in separate counts."); *Abels v. JPMorgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1279 (S.D. Fla. 2009) (King, J.) ("[I]t would be premature to dismiss the unjust enrichment count simply because an express contract exists.").

*6. Counts VII and VIII: Breaches of Good Faith and Fair Dealing – Infoage*

The defendant argues that – by failing to state a claim for breach of contract in Counts III and IV – Infoage fails to state a claim for breach of good faith and fair dealing.  *See Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005) ("[A] claim for a breach of the implied covenant of good faith and

fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract."). However, as discussed above, Infoage states in Counts III and IV claims for breach of contract.

The defendant argues that Counts VII and VIII assert damages that are not "separate and distinct." However, the defendant fails to explain why Infoage cannot allege identical damages in separate counts. Although "double recovery based on the same . . . damages is prohibited," *Montage Group, Ltd. v. Athle-Tech Computer Sys., Inc.*, 889 So. 2d 180, 199 (Fla. 2d DCA 2004), Infoage may allege the same damages in seperate counts. *C.f. Brenner v. Miller*, 2009 WL 1393420 (S.D. Fla. May 18, 2009) ("[U]nder New York law, a breach of contract and malpractice claims are duplicative if both arise from the same facts and give rise to the same damages. There appears to be no similar holding under Florida law.").

*7. Attorney's Fees*

The defendant argues that the plaintiffs are not entitled to attorney's fees because the complaint fails to state the legal basis for the award of attorney's fees. However, the plaintiffs correctly cite the loan documents that are attached to the complaint, and the documents permit the collection of attorney's fees. *See also* Florida Statutes § 57.105(5) ("If a contract contains a provision allowing attorney's fees to a party . . . , the court may also allow reasonable attorney's fees to the other party . . . .").

## CONCLUSION

The defendant's motion (Doc. 15) to dismiss is **GRANTED IN PART**. Count V is **DISMISSED**. No later than **APRIL 4, 2014**, the plaintiffs may amend Count V.

ORDERED in Tampa, Florida, on March 20, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE