UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN INFOAGE, LLC and
SAGO NETWORKS, LLC,

    Plaintiffs,

v.                                                                            Case No: 8:13-cv-1533-T-23JSS

REGIONS BANK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

THIS MATTER is before the Court on Defendant's Motion for Attorneys' Fees and Expenses (Dkt. 101), which was filed on July 23, 2015, and referred to the undersigned for a report and recommendation on August 12, 2015. (Dkt. 108.) Plaintiffs filed a Response in Opposition to Defendant's Motion for Attorneys' Fees and Expenses on September 11, 2015. (Dkt. 113.) For the reasons that follow, the undersigned recommends that the motion be denied without prejudice.

### BACKGROUND

This action resulted from a dispute concerning three variable-rate loans given by Defendant, two of which included separate interest-rate swap agreements. Among other allegations, Plaintiffs alleged that Defendant misrepresented the terms of two loans, misrepresented the duration and effect of each interest-rate swap, misrepresented the consequence of loan pre-payment, levied pre-payment penalties prohibited under the loans, and concealed material information and documentation. Plaintiffs sued Defendant in an eight-count Second Amended Complaint asserting claims for fraudulent misrepresentation (Count I), negligent

misrepresentation (Count II), breach of contract (Counts III, IV, and V), unjust enrichment (Count VI), and breach of good faith and fair dealing (Counts VII and VIII). (Dkt. 44.)

Both parties moved for summary judgment. (Dkt. 51, 53.) In an Order dated September 25, 2014, the Court granted summary judgment in favor of Defendant on Counts III, IV, VII, and VIII. (Dkt. 57.) After a non-jury trial on June 6, 2015–June 12, 2015, the Court entered an Order ruling in favor of Defendant on the remaining counts—Counts I, II, V, and VI. (Dkt. 96.) The Clerk entered judgment in favor of Defendant and against Plaintiffs on July 9, 2015. (Dkt. 97.) On July 23, 2015, Defendant filed the instant motion requesting attorneys' fees in the amount of $291,389.23 and expenses in the amount of $112,697.45. (Dkt. 101). Plaintiffs filed a Notice of Appeal of the Court's final judgment (Dkt. 97) and findings of fact and conclusions of law (Dkt. 96) on August 10, 2015. (Dkt. 105).

**APPLICABLE STANDARDS**

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. *In Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (per curiam) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, the Court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment (providing that"[i]f an appeal on the merits of the case is

taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-CV-39-FTM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014) ) (denying motion for attorney's fees without prejudice and with leave to re-file after entry of appellate court's mandate); *S.-Owners Ins. Co. v. Wall 2 Walls Const., LLC*, No. 8:12-CV-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013) (same).

## ANALYSIS

Rather than resolving the Motion for Attorneys' Fees and Expenses during the pendency of the appeal, the undersigned determines that the ends of justice would be better served by denying the motion without prejudice and with leave to re-file after the conclusion of the appeal. *See Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03–cv–985–ORL–18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (stating that "[i]f the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal"). Immediate resolution of the Motion for Attorneys' Fees and Expenses is unwarranted given the procedural posture of the case. Accordingly, it is

**RECOMMENDED** that Defendant's Motion for Attorneys' Fees and Expenses (Dkt. 101) be **DENIED** without prejudice and with leave to re-file within thirty days of the entry of a mandate by the Court of Appeals on Plaintiffs' pending appeal.

**IT IS SO REPORTED** in Tampa, Florida on September 14, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Specific written objections to this Report and Recommendation may be filed in accordance with 28 U.S.C. § 636(b)(1) and M.D. Fla. R. 6.02 within fourteen (14) days after service of this Report and Recommendation. The parties may seek an extension of time to file written objections to this Report and Recommendation, provided they do so before the deadline for filing written objections passes. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions. In the absence of a proper objection, however, the appellate court may review on appeal for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

Copies furnished to:

The Honorable Steven D. Merryday
Counsel of Record